## William C. Parker, Appellant, v. John R. W. Sargent et al., Appellees.

### Gen. No. 22,386.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed October 30, 1916.

### Statement of the Case.

Bill in chancery by William C. Parker, complainant, against John R. W. Sargent, Maud L. Sargent, Frederick H. Sargent, Alice W. Sargent, William P. Sargent, Homer E. Sargent, Helen W. Sargent, Ida Joslyn, Joseph L. Duplissis, John D. Wild, as trustee, Simon W. Straus, as trustee, Buckingham Chandler, as trustee, and Chicago Title & Trust Company, defendants, in the Circuit Court of Cook county, for specific performance of an alleged contract to convey real estate. From a decree sustaining a demurrer to a second amended bill and dismissing the bill for want of equity, complainant appeals.

The bill alleged that the contract sued on was partly in writing and partly oral. Defendants pleaded the Statute of Frauds. The bill was not filed until two and a half years after the date of the contract, during which time defendants had conveyed the property to innocent parties, who had erected a building thereon and secured a large loan, secured by deed of trust on the property.

HENRY E. MURPHY, for appellant; ARTHUR H. CHETLAIN and JAMES E. BROWN, of counsel.

CHARLES L. BARTLETT, SHERMAN C. SPITZER and ROBERT HUMPHREY, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 82*—*when statute a defense at law and in equity.* No suit either at law or in equity can be maintained on an oral agreement for the purchase and sale of any interest in real estate where the Statute of Frauds is pleaded as a defense.

2. VENDOR AND PURCHASER, § 26*—*when written agreement for sale of land insufficient to satisfy Statute of Frauds.* In order to satisfy the Statute of Frauds, an agreement for the sale or purchase of an interest in real estate must be entirely in writing, and it is not sufficient that the greater part of the contract is in writing.

3. VENDOR AND PURCHASER, § 4*—*what not a binding agreement to convey.* An agreement that defendant should use his "best endeavors to convey the property herein described" to complainant is not an agreement to convey the property to any one, and no one is bound thereunder to purchase the property or pay a consideration.

4. SPECIFIC PERFORMANCE, § 11*—*when contract not enforceable.* In order to enforce the specific performance of a contract in equity, it must be mutual, and if for any reason one of the parties cannot compel a specific performance, neither party can do so.

5. SPECIFIC PERFORMANCE, § 64*—*what complainant must do to enforce contract.* A purchaser has no right to apply to a court of equity to compel a conveyance in pursuance of a contract unless he has himself offered to perform all the conditions imposed on him, so that he must either pay or tender the consideration.

6. SPECIFIC PERFORMANCE, § 59*—*when suit barred by laches.* In a bill in chancery to enforce the specific performance of a contract for the sale of real estate, which bill was not filed until two and a half years after the date of the agreement, *held* that complainant was barred by gross laches where it appeared that in the meantime defendant had conveyed to innocent parties, that a building had been constructed thereon, and a large loan made, secured by deed of trust of the property.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.